Filed 11/1/13  P .v. Booker CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

THE PEOPLE,

    Plaintiff and Respondent,

       v.

BRIAN LEON BOOKER,

    Defendant and Appellant.

F066341

(Super. Ct. No. 12CM2453)

**OPINION**

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Kings County.  Steven D. Barnes, Judge.

Deborah Prucha, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

* Before Levy, Acting P.J., Detjen, J. and Peña, J.

Appellant, Brian Leon Booker, pled guilty to first degree burglary (Pen. Code, § 460, subd. (a)); evading a police officer (Veh. Code, § 2800.2, subd. (a)); resisting arrest (Pen. Code, § 148, subd. (a)(1)); and vehicle theft (Veh. Code, § 10851, subd. (a)). Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On July 10, 2012, at approximately 11:00 a.m., Vernon Costa's neighbor called Costa at work to advise him that there was a person, later identified as Booker, in a red sedan parked in Costa's driveway. Moments later, the house alarm went off and the neighbor saw Booker drive off with tools and yard equipment in the back seat. When Booker happened to drive by where Costa was working, Costa got in his truck and began following him. Booker "blew through" every stop sign they approached until he wound up on a dirt road next to a dry canal. When a deputy appeared in front of them, Booker accelerated backwards towards Costa. Costa got out of his truck and went into the dry canal because he thought Booker was going to ram his truck. Booker, however, drove the red car into the canal and got out of the car. Costa realized he left the keys in the truck and that Booker might take it, so he climbed out of the canal hoping to reach the truck before Booker. However, after deputies shouted at Costa to get back, he heeded their orders, which allowed Booker to drive off in the truck.

Booker continued to flee until he got the truck stuck in a corn field. As a deputy approached the truck and ordered him out, Booker started to back up the truck and was tasered by another deputy as he sped away. Booker avoided another deputy who arrived on the scene and he continued fleeing until he rolled the truck. Booker then ran into a detached residential garage where he was eventually taken into custody. An inspection of Costa's residence disclosed that only the garage had been broken into and that the break-in was accomplished by using a pry tool to pry the door away from the frame. During an interview at the sheriff's station, Booker admitted burglarizing Costa's garage.

On September 14, 2012, the court heard and denied Booker's *Marsden* motion.[1]

On September 20, 2012, the district attorney filed a first amended information charging Booker with first degree burglary (count 1); carjacking (count 2/§ 215, subd. (a)); evading a peace officer (count 3); resisting arrest (count 4); and vehicle theft (count 5). On that same date, Booker entered his plea in this matter and waived his right to appeal in exchange for a stipulated term of six years eight months and the dismissal of the carjacking count.

On October 18, 2012, the court sentenced Booker to the stipulated prison term of six years eight months: the aggravated term of six years on his burglary conviction; a consecutive eight-month term (one third the middle term of two years) on his evading a peace officer conviction; a concurrent two-year term on his vehicle theft conviction; and a concurrent 201 days on his resisting arrest conviction. The court also awarded Booker 201 days of presentence custody credit: 101 days of presentence actual custody credit and 100 days of presentence conduct credit.

Booker's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Booker has not responded to this court's invitation to submit additional briefing.

Following an independent review of the record, we find that no reasonably arguable factual or legal issues exist.

### DISPOSITION

The judgment is affirmed.

---

[1]     *People v. Marsden* (1970) 2 Cal.3d 118.